1
2
3
4
5
6
7
8
9
10
11

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 12 | THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATE HOLDERS CWMBS, INC. CHL MORTGAGE PASS THROUGH CERTIFICATES SERIES 2005-HYB6 | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

Civil No. 11cv1311 AJB (MDD)

**ORDER GRANTING MOTION TO REMAND**

[Doc. No. 2]

Plaintiff,

v.

VIRIDIANA HORTA and DOES 1 through X, Inclusive,

Defendants.

_____

20    Presently before the Court is Plaintiff's motion for an order remanding the case to state court.

21  (Doc. 2.) The motion is unopposed. In accordance with Civil Local Rule 7.1.d.1, the Court finds this

22  motion suitable for determination on the papers and without oral argument. Accordingly, the motion

23  hearing scheduled for May 25, 2012 is hereby vacated. For the reasons set forth below, the Court

24  **GRANTS** the motion.

25  //

26  //

27  //

28  //

# I.

## BACKGROUND

This action involves a residential unlawful detainer action that Plaintiff filed against Defendant in San Diego County Superior Court on April 5, 2011.[1] In 2005, Defendant had purchased a residential property in Chula Vista and subsequently defaulted on the deed of trust, which ultimately led to a non-judicial foreclosure sale of the property. On March 2, 2011, Plaintiff purchased the property at the foreclosure sale, and the Trustee's Deed Upon Sale was recorded on March 11, 2011. The residential unlawful detainer action followed the foreclosure sale, with Plaintiff asserting that it has a right to immediate possession of the property. The Complaint contains only a single state law cause of action for unlawful detainer and specifically states that the amount of damages sought "Does Not Exceed $10,000.00." (Compl. 1.)

Defendant removed the action to this Court on June 15, 2011. The Notice of Removal states that the action may be removed "because this is between citizens of different states and whereas, the amount of damages which would be sustained by Defendant would exceed $75,000.00 exclusive of interest and costs." (Notice of Removal 2:14-18.)

# II.

## DISCUSSION

If at any time before final judgment, it appears that the court lacks subject matter jurisdiction, the court may remand the case to state court, either sua sponte or on motion of a party. Remand may be ordered either for lack of subject matter jurisdiction or for "any defect in removal procedure." 28 U.S.C. § 1447(c); *see also Buchner v. FDIC*, 981 F.2d 816, 820 (5th Cir. 1993). In its motion, Plaintiff argues that the removal action is untimely and that regardless, the case should be remanded to state court because this Court lacks subject matter jurisdiction.

//

---

[1] Plaintiff requests judicial notice of the Unlawful Detainer Summons and Complaint. (Doc. 2-3.) Pursuant to Rule 201, a court may take judicial notice of adjudicative facts "not subject to reasonable dispute." Fed. R. Evid. 201(b). Facts are indisputable, and thus subject to judicial notice, only if they are either "generally known" under Rule 201(b)(1) or "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned" under Rule 201(b)(2). The Court finds these documents to be judicially noticeable and grants Plaintiff's request.

**A.    Timeliness**

Plaintiff claims the removal was untimely. Under 28 U.S.C. § 1446(b), the notice of removal must be filed within thirty days after the defendant receives the initial pleading. Here, Defendant's statutory time for filing a notice of removal commenced on April 15, 2011 and ended on May 15, 2011, but this removal action was not filed until June 15, 2011. Defendant's removal action was therefore improper and untimely and can be dismissed on this basis alone.

**B.    Subject Matter Jurisdiction**

In addition to the timeliness bar, remand is appropriate here because the Court lacks subject matter jurisdiction. Removal jurisdiction is governed by 28 U.S.C. § 1441 *et seq*. A state court action can only be removed it could have originally been brought in federal court—under either federal question or diversity jurisdiction. *See, e.g.*, *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Here, the Complaint does not contain any claim "arising under" federal law. Rather, it sets forth only a single cause of action for unlawful detainer, which arises exclusively under state law.

Likewise, diversity jurisdiction does not exist. A federal court has jurisdiction over an action involving citizens of different states when the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. The amount in controversy is determined from the allegations or prayer of the complaint. *See St. Paul Mercury Indem. Co. v. Red Cab. Co.*, 303 U.S. 283, 289 (1938). Here, the Complaint seeks damages in an amount less than $10,000, which is stated prominently on the face of the Complaint and is consistent with the allegations within the Complaint. This amount is well under the $75,000 threshold required for diversity jurisdiction. Because the amount in controversy clearly and unequivocally does not exceed $75,000, diversity jurisdiction cannot be established. The Court therefore concludes that it lacks subject matter jurisdiction over this case.

//
//
//
//
//
//

3

11cv1311

1

## III.

2

## CONCLUSION

3      For the reasons set forth above, the Court **GRANTS** Plaintiff's motion and **REMANDS** this case

4 to the San Diego County Superior Court, where the unlawful detainer action was originally filed.

5 **IT IS SO ORDERED.**

6

7 DATED:  May 3, 2012

8                                          _____

9                                          Hon. Anthony J. Battaglia
                                          U.S. District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28